**LOKER LAW, APC**
Matthew M. Loker, Esq. (279939)
matt@loker.law
Scott M. Plescia (349319)
scott@loker.law
Elizabeth A. Wagner (317098)
elizabeth@loker.law
132 Bridge Street
Arroyo Grande, CA 93420
Telephone: (805) 994-0177

*Attorneys for Plaintiff,*
Billy Steffey

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILLY STEFFEY,<br><br>Plaintiff,<br><br>v.<br><br>AFFIRM LOAN SERVICES, LLC; CITIBANK, N.A.; DISCOVER BANK; RC WILLEY HOME FURNISHINGS; TD BANK, N.A.; ROBINHOOD CREDIT, INC. DBA X1, INC.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS OF:**<br><br>I.   **FAIR CREDIT REPORTING ACT;**<br><br>II.  **CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT; AND,**<br><br>III. **CALIFORNIA IDENTITY THEFT ACT**<br><br>**JURY TRIAL DEMANDED** |

# INTRODUCTION

1. The United States Congress has also found that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence, which is essential to the continued functioning of the banking system. As such, Congress enacted the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA") to insure fair and accurate reporting, promote efficiency in the banking system and protect consumer privacy. The FCRA seeks to ensure consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy because consumer reporting agencies have assumed such a vital role in assembling and evaluating consumer credit and other information on consumers. The FCRA also imposes duties on the sources that provide credit information to credit reporting agencies, called "furnishers."

2. The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty, and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.[1]

---

[1] Cal. Civ. Code §§ 1788.1 (a)-(b)

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

3. In enacting the California's Identity Theft Act, Cal. Civ. Code §§1798.92 et seq. ("CITA"), the California Legislature found that the right to privacy was being threatened by the indiscriminate collection, maintenance, and dissemination of personal information. Accordingly, CITA was enacted to combat the lack of effective laws and legal remedies in place. To protect the privacy of individuals, it is necessary that the maintenance and dissemination of personal information be subject to strict limits. Cal. Civ. Code §1798.1(a), (c).

4. BILLY STEFFEY ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of AFFIRM LOAN SERVICES LLC ("Affirm"); CITIBANK, N.A. ("Citibank"); DISCOVER BANK ("Discover"); RC WILLEY HOME FURNISHINGS ("RC Willey"); TD BANK, N.A. ("TD Bank"); ROBINHOOD CREDIT, INC. DBA X1, INC. ("X1"); EQUIFAX INFORMATION SERVICES, LLC("Equifax");EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian"); and, TRANS UNION LLC ("Trans Union"), with regard to attempts by Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 to unlawfully and abusively collect an invalid debt from Plaintiff, inclusive of inaccurate credit reporting to, and by, the Credit Bureaus and this conduct caused Plaintiff damages.

5. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, or to a plaintiff's counsel, which Plaintiff alleges on personal knowledge.

6. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

7. Unless otherwise stated, all the conduct engaged in by Defendants took place in California.

8. Any violations by each Defendant were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

9. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

10. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331; 15 U.S.C. § 1681p; and, 28 U.S.C. § 1367 for supplemental state claims.

11. This action arises out of Defendants' violations of (i) Fair Credit Reporting Act, 15 U.S.C. §§ 1681 et seq. ("FCRA"); (ii) the California Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785.1, et seq. ("CCCRAA"); and (iii) the California Identity Theft Act, Cal. Civ. Code § 1798.92, et seq. ("CITA").

12. Because Defendants conduct business within the State of California, personal jurisdiction is established.

13. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in Sacramento County; (ii) the conduct complained of herein occurred within this judicial district; and, (iii) Defendants conducted business within this judicial district at all times relevant.

## PARTIES

14. Plaintiff is a natural person who resides in Sacramento, California, from whom Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 sought to collect a debt which was alleged to be due and owing from Plaintiff.

15. Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d).

16. In addition, Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c); Cal. Civ. Code § 1785.3(c).
17. Affirm is a finance company operating from the State of California.
18. Citibank is also a national bank operating from the State of New York.
19. Discover is a national bank operating from the State of Delaware.
20. RC Willey is a retailer, who also engages in financial services, operating from the State of Utah.
21. TD Bank is a national bank operating from the State of New Jersey.
22. X1 is a financial services company operating from the State of California.
23. Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 are each furnishers of information as contemplated by FCRA sections 1681s-2(b), that each regularly and in the ordinary course of business furnish information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
24. Equifax is a corporation located in the State of Georgia.
25. Experian is a corporation located in the State of California.
26. Trans Union is a corporation located in the State of Pennsylvania.
27. Equifax; Experian; and, Trans Union are each a "consumer reporting agency" as that term is defined by 15 U.S.C. § 1681a(f); and, a "consumer credit reporting agency" as defined by Cal. Civ. Code § 1785.3(d).
28. Defendants are also each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j).
29. Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 each are also "claimants" as that term is defined by California Civil Code § 1798.92(a).

30. The causes of action herein also pertain to Plaintiff's "consumer credit report" as that term is defined by Cal. Civ. Code § 1785.3(d), in that inaccurate representations of Plaintiff's credit worthiness, credit standing, and credit capacity were made via written, oral, or other communication of information by a consumer credit reporting agency, which is used or is expected to be used, or collected in whole or in part, for the purposes of serving as a factor in establishing Plaintiff's eligibility for, among other things, credit to be used primarily for personal, family, household and employment purposes.

## FACTUAL ALLEGATIONS

31. At all times relevant, Plaintiff is an individual residing within the State of California.

32. Plaintiff is the victim of identity theft.

33. Recently, Plaintiff has become the target of an identity theft scheme that has resulted in over $75,000 worth of fraudulent debt associated with his good name.

34. In or around February 2024, Plaintiff was contacted by a Homeland Security Investigations officer, informing Plaintiff that Homeland Security had recently arrested an undocumented alien in the State of Alabama, who was impersonating Plaintiff ("the Fraudster").

35. The Fraudster was in possession of a fraudulent copy of an Alabama driver's license, a fraudulent copy of a Social Security Card, and credit cards. Each document or item purported to identify, or be owned by, Plaintiff.

36. Additionally, the fraudulent driver's license was purported to be issued by the State of Alabama; however, the license contained a California residential address.

37. The Fraudster opened approximately 20 financial accounts in Plaintiff's name.

38. The Fraudster reported his earnings to the IRS under Plaintiff's Social Security number, and even received speeding tickets and paid those speeding tickets, in Plaintiff's name.

39. Immediately upon learning of the Fraudster's actions, Plaintiff contacted the Sacramento County Sheriff's Department and filed a police report.

40. Plaintiff then completed a Federal Trade Commission Identity Theft Report wherein Plaintiff provided details pertaining to the theft of his identity.

41. Thereafter, on February 20, 2024, Plaintiff submitted a written dispute to Equifax, Experian, and Trans Union each, wherein Plaintiff provided a narrative summary describing his being a victim of identity theft. Plaintiff included the aforementioned police report, the aforementioned FTC fraud affidavit, a copy of his passport, and other information sufficient to personally identify Plaintiff. Within the dispute, Plaintiff identified several accounts which were opened by the Fraudster and should be deleted from Plaintiffs credit report.

42. Thereafter, on March 3, 2024, Plaintiff submitted a written dispute to Affirm, wherein Plaintiff provided a narrative summary describing his being a victim of identity theft and that the account charged under his name was the result of fraud. Plaintiff included the aforementioned police report, the aforementioned FTC fraud affidavit, a copy of his passport, and other information sufficient to personally identify Plaintiff.

43. Thereafter, on March 3, 2024, Plaintiff submitted a written dispute to RC Willey, wherein Plaintiff provided a narrative summary describing his being a victim of identity theft and that the account charged under his name was the result of fraud. Plaintiff included the aforementioned police report, the aforementioned FTC fraud affidavit, a copy of his passport, and other information sufficient to personally identify Plaintiff.

44. Thereafter, on March 3, 2024, Plaintiff submitted a written dispute to X1, wherein Plaintiff provided a narrative summary describing his being a victim of identity theft and that the account charged under his name was the result of fraud. Plaintiff included the aforementioned police report, the aforementioned FTC fraud affidavit, a copy of his passport, and other information sufficient to personally identify Plaintiff.

45. Thereafter, on March 24, 2024, Plaintiff submitted a written dispute to TD Bank, wherein Plaintiff provided a narrative summary describing his being a victim of identity theft and that the account charged under his name was the result of fraud. Plaintiff included the aforementioned police report, the aforementioned FTC fraud affidavit, a copy of his passport, and other information sufficient to personally identify Plaintiff.

46. Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 were each then required to conduct a reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. § 1681s-2(b)(1)(A).

47. The Credit Bureaus were also required to conduct their own reasonable reinvestigation into this specific account on Plaintiff's consumer report pursuant to 15 U.S.C. §1681i.

48. On March 15, 2024, Equifax informed Plaintiff that they rejected his dispute as it pertained to the TD Bank tradeline and verified the fraudulent account as accurate. The remainder of the fraudulent accounts were either not being reported or were deleted.

49. On March 19, 2024, Trans Union informed Plaintiff that they rejected his dispute as it pertained to the TD Bank tradeline and verified the fraudulent account as accurate. The remainder of the fraudulent accounts were either not being reported or were deleted.

50. After receiving his dispute results, Plaintiff was shocked and dismayed as Trans Union and Equifax re-added the fraudulent Affirm, Discover, RC Willey, TD Bank, and X1 tradelines to Plaintiff's credit report.

51. On May 2, 2024, Experian informed Plaintiff that Experian rejected his dispute as it pertained to the Affirm, Discover, RC Willey, TD Bank, and X1 and verified these fraudulent accounts as accurate.

52. Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 submit inaccurate credit information regarding Plaintiff to the Credit Bureaus every thirty days.

53. The Credit Bureaus did not provide notice to Plaintiff that Plaintiff's dispute was "frivolous or irrelevant," pursuant to 15 U.S.C. § 1681i(a)(3).

54. Defendants' investigations were unreasonable.

55. More specifically, Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 should have discovered from their own records, including Plaintiff's formal dispute, that the information being reported was inaccurate and materially misleading since Plaintiff provided information showing that Plaintiff's respective Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 debt were not owed.

56. Plaintiff contends that it was unreasonable for Defendants to not contact Plaintiff for further information if needed; and, to not contact the Sacramento County Sheriff's Department, Homeland Security, nor any third party which could have substantiated Plaintiff's disputes.

57. Accordingly, Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 each failed to conduct a reasonable investigation with respect to the disputed information as required by 15 U.SC. § 1681s-2(b)(1)(A) by failing to remove all of the disputed and incorrect information.

58. Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 each failed to review all relevant information provided by Plaintiff in the dispute to the Credit Bureaus, as required by and in violation of 15 U.SC. § 1681s-2(b)(1)(B).

59. Due to Affirm, Citibank, Discover, RC Willey, TD Bank, and X1's each respective failure to reasonably investigate, Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 each further failed to correct and update Plaintiff's information as required by 15 U.S.C. § 1681s-2(b)(1)(E), thereby causing continued reporting of inaccurate information in violation of 15 U.S.C. § 1681-s(2)(b)(1)(C).

60. By inaccurately reporting account information after notice and confirmation of its errors, Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 each failed to take appropriate measures as required by 15 U.S.C. § 1681s-2(b)(1)(D); and, (E).

61. Through this conduct, Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 each violated Cal. Civ. Code § 1785.25(a) by furnishing information to consumer reporting agencies that Affirm, Citibank, Discover, RC Willey, TD Bank, and X1each knew or should know was inaccurate.

62. Equifax, Experian, and Trans Union also failed to conduct reasonable investigations with respect to the disputed information as required by 15 U.S.C. §1681i.

63. Plaintiff's continued efforts to correct Defendants' erroneous and negative reporting by communicating Plaintiff's dispute with the Credit Bureaus were fruitless.

64. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of

1. the actual error was willful.

65. Defendants' continued inaccurate and negative reporting of the inaccurate information to Plaintiff's credit report in light of Defendants' knowledge of the actual error was reckless.

66. Defendants' failure to correct the previously admitted inaccuracies on Plaintiff's credit reports was intentional and in reckless disregard of Defendants' duty to refrain from reporting inaccurate information.

67. Accordingly, Defendants willfully and negligently failed to comply with Defendants' respective duties to reasonably investigate Plaintiff's dispute.

68. Defendants' inaccurate and negative reporting damaged Plaintiff's creditworthiness.

69. Defendants' conduct has caused Plaintiff emotional distress.

70. Plaintiff has spent countless hours disputing this inaccurate information with Defendants in an attempt to provide any and all information needed for the investigations.

71. While Plaintiff was thorough in Plaintiff's disputes at all times, each Defendant merely responded with form letters that failed to take into account any of the specifics identified in Plaintiff's disputes.

72. Throughout this ordeal, Plaintiff's anxiety; frustration; stress; lack of sleep; nervousness; anger; and, embarrassment continues to this day because these large debts mischaracterize Plaintiff as someone that financially overextends himself and harms Plaintiff's credit score.

73. Despite Plaintiff's repeated attempts, Defendants continue to report an invalid debt to Plaintiff's credit report.

74. As a direct and proximate result of Defendants' willful action and inaction, Plaintiff has suffered actual damages, including, but not limited to, reviewing credit reports, preparing and mailing dispute letters, attorneys' fees, loss of credit, loss of ability to purchase and benefit from credit, increased costs for credit, mental and emotional pain and anguish, and humiliation and embarrassment of credit denials. Plaintiff has further spent countless hours and suffered pecuniary loss in attempting to correct Defendants' inaccurate and derogatory information, without success.

75. As such, Plaintiff has been unable to obtain the credit benefits he should have earned by his stellar payment history.

76. Plaintiff has suffered credit denials and not been able to obtain his desired housing because of the Identity Theft and inaccurate reporting.

77. Plaintiff is not able to calculate the total pecuniary loss at this time but will utilize the services of an economist.

78. Based upon the discussion above, Plaintiff contends that punitive damages are available to Plaintiff.

79. Similarly, Equifax, Experian, and Trans Union also received documents in connection with Plaintiff's dispute that directly contradicted the inaccurate credit reporting.

80. These documents should have caused Equifax, Experian, and Trans Union to remove the inaccurate information from Plaintiff's credit report.

81. By intentionally reporting continuing obligations, Equifax, Experian, and Trans Union acted in conscious disregard for Plaintiff's rights.

82. To report an ongoing obligation despite the invalid nature of this account shows that Defendants took action involving an unjustifiably high risk of

harm that was either known or so obvious that it should be known.

83. Since Plaintiff's efforts to be absolved of the invalid debt were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's remaining disputes.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF
## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §§ 1681-1681X (FCRA)
## [AGAINST ALL DEFENDANTS]

84. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

85. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

86. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to actual damages, pursuant to 15 U.S.C. § 1681o(a)(1); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681o(a)(2), from each Defendant.

87. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to actual damages or damages of not less than $100 and not more than $1,000 and such amount as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(1)(A); punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1681n(a)(3) from each Defendant.

# COUNT II

# VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

# CAL. CIV. CODE § 1785.1, ET SEQ.

# [AGAINST AFFIRM LOAN SERVICES, LLC; CITIBANK, N.A.; DISCOVER BANK; RC WILLEY HOME FURNISHINGS; TD BANK, N.A.; AND ROBINHOOD CREDIT, INC. DBA X1, INC.]

88. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

89. The foregoing acts and omissions constitute numerous and multiple violations of the California Consumer Credit Reporting Agencies Act.

90. In the regular course of its business operations, Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 each routinely furnishes information to credit reporting agencies pertaining to transactions between Affirm, Citibank, Discover, RC Willey, TD Bank, and X1, respectively, and Affirm, Citibank, Discover, RC Willey, TD Bank, and X1's respective consumers, so as to provide information to a consumer's credit worthiness, credit standing and credit capacity.

91. Because Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 each are a partnership, corporation, association, or other entity, and are therefore each a "person" as that term is defined by Cal. Civ. Code § 1785.3(j), Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 are and always was obligated to not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should have known that the information is incomplete or inaccurate, as required by Cal.

Civ. Code § 1785.25(a).

92. Since Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 each received all documents required to determine the inaccuracy of Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 reporting, Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 each should have known to update said reporting.

93. Affirm, Citibank, Discover, RC Willey, TD Bank, and X1 each also should have determined that Affirm, Citibank, Discover, RC Willey, TD Bank, and X1's respective reporting was inaccurate through review of their own account notes and records; and, as a result of the information provided with Plaintiff's disputes.

94. Attorney's fees and costs pursuant to Cal. Civ. Code § 1788.30(c) from Affirm, Citibank, Discover, RC Willey, TD Bank, and X1.

## COUNT III
## VIOLATION OF CALIFORNIA'S IDENTITY THEFT ACT
## CAL. CIV. CODE §§ 1798.92-1798.97 (CITA)
## [AGAINST AFFIRM LOAN SERVICES, LLC; CITIBANK, N.A.; DISCOVER BANK; RC WILLEY HOME FURNISHINGS; TD BANK, N.A.; ROBINHOOD CREDIT, INC. DBA X1, INC.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,]

95. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

96. The foregoing acts and omissions constitute numerous and multiple violations of CITA.

97. As a result of each and every violation of CITA, Plaintiff is entitled to any

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5); a civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6); costs pursuant to Cal. Civ. Code § 1798.93(c)(5), attorney's fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5) and any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against each Defendant for:

- An award of actual damages, in an amount to be determined at trial or damages of a maximum of $1,000 pursuant to 15 U.S.C. § 1681n(a)(1)(A), against each Defendant for each incident of willful noncompliance of the FCRA;
- An award of punitive damages, as the Court may allow pursuant to 15 U.S.C. § 1681n(a)(2), against each Defendant for each incident of willful noncompliance to the FCRA;
- An award for costs and reasonable attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3), against each Defendant for each incident of negligent noncompliance of the FCRA;
- An award of actual damages in an amount to be determined at trial pursuant to 15 U.S.C. § 1681o(a)(1) against each Defendant for each incident of negligent noncompliance of the FCRA;
- An award of costs and litigation and reasonable attorney's fees pursuant 15 U.S.C. § 1681n(a)(3) and 15 U.S.C. § 1681o(a)(2) against each Defendant for each incident of noncompliance of the FCRA;
- An award of actual damages, in an amount to be determined at trial, pursuant to Cal. Civ. Code § 1785.31(a)(2)(A), against each named Defendant individually;

CASE NO.:     15 OF 16     *Steffey v. Affirm Loan Services, LLC, et al.*
**COMPLAINT**

- Award of attorneys' fees and costs pursuant to Cal. Civ. Code § 1785.31(a)(1); and, Cal. Civ. Code § 1785.31(d) against each named Defendant individually;
- An award of actual damages pursuant to Cal. Civ. Code § 1798.93(c)(5);
- A civil penalty in an amount up to $30,000.00 pursuant to Cal. Civ. Code § 1798.93(c)(6);
- Attorneys' fees and costs pursuant to Cal. Civ. Code § 1798.93(c)(5);
- Any equitable relief the Court deems appropriate pursuant to Cal. Civ. Code § 1798.93(c)(5);
- An injunction preliminarily and permanently enjoining each Defendant from engaging in the unlawful debt collection practices stated herein;
- An award of punitive damages of $100-$5,000 per willful violation of Cal. Civ. Code § 1785.25(a), pursuant to Cal. Civ. Code § 1785.31(a)(2)(B);
- Punitive damages according to proof as to the FCRA; CCCRAA; and CITA.
- For equitable and injunctive relief pursuant to Cal. Civ. Code § 1785.31(b);
- Any and all other relief the Court deems just and proper.

## TRIAL BY JURY

98. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: May 16, 2024                                                                 Respectfully submitted,

**LOKER LAW, APC**

|     |                              |
| --- | ---------------------------- |
|     | By: ___/s/ Scott M. Plescia___ |
|     | SCOTT M PLESCIA, ESQ.        |
|     | ATTORNEY FOR PLAINTIFF       |