**PARKER IBRAHIM & BERG LLP**
MARIEL A. GERLT-FERRARO (CA Bar No. 251119)
Mariel.Gerlt-Ferraro@piblaw.com
BRYANT DELGADILLO (CA Bar No. 208361)
Bryant.Delgadillo@piblaw.com
695 Town Center Drive, 16th Floor
Costa Mesa, CA  92626
Telephone:  714.361.9550
Facsimile:  714.784.4190

Attorneys for Robinhood Credit, Inc.

**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BILLY STEFFEY,<br><br>            Plaintiff,<br><br>      v.<br><br>AFFIRM LOAN SERVICES, LLC; CITIBANK, N.A.; DISCOVER BANK; RC WILLEY HOME FURNISHINGS; TD BANK, N.A.; ROBINHOOD CREDIT, INC. DBA X1, INC.; EQUIFAX INFORMATION SERVICES LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; and TRANSUNION LLC,<br><br>            Defendants. | CASE NO.: 2:24-cv-01397-CSK<br><br>**ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT BY DEFENDANT ROBINHOOD CREDIT, INC.** |

**TO THE HONORABLE COURT, TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

/ / /

COMES NOW, defendant Robinhood Credit, Inc. ("**RCT**"), which by and through its attorneys of record, and for itself and no other defendant,[1] hereby submits its Answer and Affirmative Defendants to the Complaint of plaintiff Billy Steffey ("**Plaintiff**"), as follows:

### INTRODUCTION

1.     In response to paragraph 1 of the Complaint, RCT states that paragraph 1 contains no allegations of fact that require a response; and, instead, contains legal contentions and conclusions. To the extent a response is required, RCT states that 15 U.S.C. § 1681 et seq. ("**FCRA**") and the provisions thereof speak for themselves. Except as expressly admitted herein, RCT denies.

2.     In response to paragraph 2 of the Complaint, RCT states that paragraph 2 contains no allegations of fact that require a response; and, instead, contains legal contentions and conclusions. To the extent a response is required, RCT states that Cal. Civ. Code §§ 1788.1 (a)-(b) and the provisions thereof speak for themselves. Except as expressly admitted herein, RCT denies.

3.     In response to paragraph 3 of the Complaint, RCT states that paragraph 3 contains no allegations of fact that require a response; and, instead, contains legal contentions and conclusions. To the extent a response is required, RCT states that Cal. Civ. Code §§ 1798.1(a), (c) and the provisions thereof speak for themselves. Except as expressly admitted herein, RCT denies.

4.     In response to paragraph 4 of the Complaint, RCT denies "unlawful" or "abusive" collection attempts regarding the debt owed to RCT. RCT denies "inaccurate credit reporting" and denies that its actions, if any, "caused Plaintiff damages". To the extent the allegations pertain to conduct of persons or entities other than RCT, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

---

[1] Headings as utilized in the Complaint are incorporated for reference and clarity only and no admission is made by such use.

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

5.      In response to paragraph 5 of the Complaint, RCT states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 5 and therefore, denies the allegations on that basis.

6.      In response to paragraph 6 of the Complaint, RCT states that paragraph 6 contains no allegations of fact that require a response; and, instead, contains legal contentions and conclusions. To the extent a response is required, RCT denies.

7.      In response to paragraph 7 of the Complaint, RCT states that it lacks sufficient information or knowledge to form a belief as to the truth or falsity of the allegations of paragraph 6 and therefore, denies the allegations on that basis.

8.      In response to paragraph 8 of the Complaint, RCT denies the allegations therein to the extent such allegations are directed to RCT. To the extent the allegations pertain to conduct of persons or entities other than RCT, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

9.      In response to paragraph 9 of the Complaint, RCT states that paragraph 9 contains no allegations of fact that require a response; and, instead, contains legal contentions and conclusions. To the extent a response is required, RCT denies.

**JURISDICTION AND VENUE**

10.      In response to paragraph 10 of the Complaint, RCT states that paragraph 10 contains no allegations of fact that require a response; and, instead, contains legal contentions and conclusions. To the extent a response is required, RCT states it reserves all rights with regard to jurisdictional challenges that exist arising from terms for mandatory arbitration within the account contractual agreement and/or other terms.

11.      In response to paragraph 11 of the Complaint, RCT states that paragraph 11 contains no allegations of fact that require a response; and, instead, contains legal contentions and conclusions. To the extent a response is required, RCT denies it violated any alleged statutory provision. Except as expressly admitted herein, RCT denies.

12.     In response to paragraph 12 of the Complaint, RCT admits that it conducts business within the subject judicial district. To the extent the allegations pertain to conduct of persons or entities other than RCT, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and therefore, denies all such allegations. Further, RCT states it reserves all rights with regard to jurisdictional challenges that exist arising from terms for mandatory arbitration within the account contractual agreement and/or terms.

13.     In response to paragraph 13 of the Complaint, RCT admits that it conducts business within the subject judicial district. To the extent the allegations pertain to conduct of persons or entities other than RCT, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and therefore, denies all such allegations. Further, RCT states it reserves all rights with regard to jurisdictional challenges that exist arising from terms for mandatory arbitration within the account contractual agreement and/or terms.

**PARTIES**

14.     In response to paragraph 14 of the Complaint, RCT admits that its records reflect that Plaintiff is an individual who has utilized an address in Sacramento, California; and, that RCT's records reflect that Plaintiff obtained an "X1" credit card from RCT. To the extent the allegations pertain to conduct of persons or entities other than RCT, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

15.     In response to paragraph 15 of the Complaint, RCT states that paragraph 15 contains no allegations of fact that require a response; and, instead, contains legal contentions and conclusions. To the extent a response is required, upon information and belief, RCT denies that Plaintiff is a "Victim of Identity Theft" as that term is defined by Cal. Civ. Code § 1798.82(d) as related to the "X1" card Plaintiff obtained from RCT.  To the extent the allegations pertain to conduct of persons or entities other than RCT, RCT has insufficient

knowledge or information to form a belief as to the truth or falsity of the allegations, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

16. In response to paragraph 16 of the Complaint, RCT states that paragraph 16 contains no allegations of fact that require a response; and, instead, contains legal contentions and conclusions. To the extent a response is required, upon information and belief, RCT denies.

17. In response to paragraph 17 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 17, and therefore, denies all such allegations.

18. In response to paragraph 18 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 18, and therefore, denies all such allegations.

19. In response to paragraph 19 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 19, and therefore, denies all such allegations.

20. In response to paragraph 20 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 20, and therefore, denies all such allegations.

21. In response to paragraph 21 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 21, and therefore, denies all such allegations.

22. In response to paragraph 22 of the Complaint, RCT admits that it is a financial technology company and operates within the State of California. Except as expressly admitted herein, RCT denies.

23. In response to paragraph 23 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 23, and therefore, denies all such allegations.

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

24.    In response to paragraph 24 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 24, and therefore, denies all such allegations.

25.    In response to paragraph 25 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 25, and therefore, denies all such allegations.

26.    In response to paragraph 26 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 26, and therefore, denies all such allegations.

27.    In response to paragraph 27 of the Complaint, RCT states paragraph 27 contains legal contentions and conclusions, thus no response is required. To the extent a response is required, RCT states that 15 U.S.C. § 1681a(f) and Cal. Civ. Code § 1785.3(d) and the provisions of these sections speak for themselves. Except as expressly admitted herein, RCT denies.

28.    In response to paragraph 28 of the Complaint, RCT states that paragraph 28 contains no allegations of fact that require a response; and, instead, contains legal contentions and conclusions. To the extent a response is required, RCT states that Cal. Civ. Code § 1785.4(j) and the provisions thereof speak for themselves. Except as expressly admitted herein, RCT denies.

29.    In response to paragraph 29 of the Complaint, RCT states paragraph 29 contains legal contentions and conclusions, thus no response is required. To the extent a response is required, RCT states that Cal. Civ. Code § 1798.92(a) and the provisions thereof speak for themselves. Except as expressly admitted herein, RCT denies.

30.    In response to paragraph 30 of the Complaint, RCT states paragraph 30 contains legal contentions and conclusions, thus no response is required. To the extent a response is required, RCT states that Cal. Civ. Code § 1785.3(d) and the provisions thereof speak for themselves. Except as expressly admitted herein, RCT denies.

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

**FACTUAL ALLEGATIONS**

31.    In response to paragraph 31 of the Complaint, RCT admits that its records reflect that Plaintiff is an individual who has utilized an address in Sacramento, California. Except as expressly admitted herein, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations and, therefore, denies.

32.    In response to paragraph 32 of the Complaint, RCT states that paragraph 32 contains no allegations of fact that require a response; and, instead, contains legal contentions and conclusions. To the extent a response is required, upon information and belief, RCT denies that Plaintiff is a "victim of identity theft" as related to the "X1" card Plaintiff obtained from RCT. To the extent the allegations pertain to conduct of persons or entities other than RCT, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

33.    In response to paragraph 33 of the Complaint, upon information and belief, RCT denies that Plaintiff is a "target of an identity theft scheme" as related to the "X1" card Plaintiff obtained from RCT.  To the extent the allegations pertain to conduct of persons or entities other than RCT, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

34.    In response to paragraph 34 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 34, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

35.    In response to paragraph 35 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 35, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

36.    In response to paragraph 36 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 36, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

37.     In response to paragraph 37 of the Complaint, RCT denies that Plaintiff's "X1" card obtained from RCT was fraudulently opened; instead, RCT records reflect the account was opened by Plaintiff. To the extent the allegations pertain to conduct of persons or entities other than RCT, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

38.     In response to paragraph 38 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 38, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

39.     In response to paragraph 39 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 39, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

40.     In response to paragraph 40 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 40, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

41.     In response to paragraph 41 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 41, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

42.     In response to paragraph 42 of the Complaint, RCT states that the allegations therein are not directed to RCT. To the extent a response is required, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 42, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

43.     In response to paragraph 43 of the Complaint, RCT states that the allegations therein are not directed to RCT. To the extent a response is required, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 43, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

44. In response to paragraph 44 of the Complaint, RCT admits that it received a written dispute from Plaintiff asserting that the "X1" account was opened fraudulently. RCT denies that Plaintiff's "X1" card obtained from RCT was fraudulently opened; instead, RCT records reflect the account was opened by Plaintiff. Except as expressly admitted herein, RCT denies.

45. In response to paragraph 45 of the Complaint, RCT states that the allegations therein are not directed to RCT. To the extent a response is required, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 45, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

46. In response to paragraph 46 of the Complaint, RCT states paragraph 46 contains legal contentions and conclusions, thus no response is required. To the extent a response is required, RCT states that the provisions of 15 U.S.C. § 1681s-2(b)(1)(A) speak for themselves and RCT denies any allegations inconsistent therewith. Except as expressly admitted herein, RCT denies.

47. In response to paragraph 47 of the Complaint, RCT states paragraph 47 contains legal contentions and conclusions, thus no response is required. To the extent a response is required, RCT states that the provisions of 15 U.S.C. § 1681i speak for themselves. Except as expressly admitted herein, RCT denies.

48. In response to paragraph 48 of the Complaint, RCT states that the allegations therein are not directed to RCT. To the extent a response is required, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 48, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

49. In response to paragraph 49 of the Complaint, RCT states that the allegations therein are not directed to RCT. To the extent a response is required, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

paragraph 49, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

50.     In response to paragraph 50 of the Complaint, RCT denies that Plaintiff's "X1" card account tradeline was "fraudulent".  As to the remaining allegations of paragraph 50, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 50, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

51.     In response to paragraph 51 of the Complaint, RCT denies that Plaintiff's "X1" card account tradeline was "fraudulent".  As to the remaining allegations of paragraph 51, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 51, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

52.     In response to paragraph 52 of the Complaint, RCT denies that it "submit[s] inaccurate information regarding Plaintiff to the Credit Bureaus every thirty days".  To the extent paragraph 52 contains allegations of conduct of persons or entities other than RCT, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

53.     In response to paragraph 53 of the Complaint, RCT states that the allegations therein are not directed to RCT and otherwise, paragraph 53 contains legal contentions and conclusions, thus no response is required. To the extent a response is required, RCT states that the provisions of 15 U.S.C. § 1681i(a)(3) speak for themselves. Except as expressly admitted herein, RCT denies.

54.     In response to paragraph 54 of the Complaint, to the extent the allegations are directed to RCT, RCT denies that its investigation was unreasonable.  As to the remaining allegations of paragraph 54 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

paragraph 54, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

55.    In response to paragraph 55 of the Complaint, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations of paragraph 55 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 55, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

56.    In response to paragraph 56 of the Complaint, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations of paragraph 56 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 56, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

57.    In response to paragraph 57 of the Complaint, to the extent the allegations are directed to RCT, RCT denies that it failed to conduct a reasonable investigation.  As to the remaining allegations of paragraph 57 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 57, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

58.    In response to paragraph 58 of the Complaint, to the extent the allegations are directed to RCT, RCT denies that it failed to review all relevant information provided by Plaintiff.  As to the remaining allegations of paragraph 58 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 58, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

59.    In response to paragraph 59 of the Complaint, to the extent the allegations are directed to RCT, RCT denies that it failed to reasonably investigate.  As to the remaining allegations of paragraph 59 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of

paragraph 59, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

60.    In response to paragraph 60 of the Complaint, to the extent the allegations are directed to RCT, RCT denies that it failed to take appropriate measures.  As to the remaining allegations of paragraph 60 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 60, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

61.    In response to paragraph 61 of the Complaint, to the extent the allegations are directed to RCT, RCT denies that it violated Cal. Civ. Code section 1785.25(a).  As to the remaining allegations of paragraph 61 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 61, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

62.    In response to paragraph 62 of the Complaint, RCT states the allegations are not directed to RCT.  As to the remaining allegations of paragraph 62 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 62, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

63.    In response to paragraph 63 of the Complaint, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations of paragraph 63 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 63, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

64.    In response to paragraph 64 of the Complaint, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations of paragraph 64 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

the truth or falsity of the allegations of paragraph 64, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

65.    In response to paragraph 65 of the Complaint, RCT denies to the extent the allegations are directed to RCT. As to the remaining allegations of paragraph 65 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 65, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

66.    In response to paragraph 66 of the Complaint, RCT denies to the extent the allegations are directed to RCT. As to the remaining allegations of paragraph 66 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 66, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

67.    In response to paragraph 67 of the Complaint, RCT denies to the extent the allegations are directed to RCT. As to the remaining allegations of paragraph 67 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 67, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

68.    In response to paragraph 68 of the Complaint, RCT denies to the extent the allegations are directed to RCT. As to the remaining allegations of paragraph 68 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 68, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

69.    In response to paragraph 69 of the Complaint, RCT denies to the extent the allegations are directed to RCT. As to the remaining allegations of paragraph 69 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 69, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

70.     In response to paragraph 70 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 70, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

71.     In response to paragraph 71 of the Complaint, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations of paragraph 71 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 71, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

72.     In response to paragraph 72 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 72, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

73.     In response to paragraph 73 of the Complaint, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations of paragraph 73 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 73, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

74.     In response to paragraph 74 of the Complaint, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations of paragraph 74 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 74, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

75.     In response to paragraph 75 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 75, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

76.     In response to paragraph 76 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 76, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

77.     In response to paragraph 77 of the Complaint, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 77, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

78.     In response to paragraph 78 of the Complaint, RCT states that paragraph 78 contains legal contentions and conclusions, thus no response is required. To the extent a response is required, RCT denies.

79.     In response to paragraph 79 of the Complaint, RCT states the allegations are not directed to RCT.  As to the allegations of paragraph 79 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 79, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

80.     In response to paragraph 80 of the Complaint, RCT states the allegations are not directed to RCT.  As to the allegations of paragraph 80 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 80, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

81.     In response to paragraph 81 of the Complaint, RCT states the allegations are not directed to RCT.  As to the allegations of paragraph 81 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 81, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

82.     In response to paragraph 82 of the Complaint, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations of paragraph 82 pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 82, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

83.     In response to paragraph 83 of the Complaint, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations of paragraph 83 pertaining to

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

1  other persons or entities, RCT has insufficient knowledge or information to form a belief as to

2  the truth or falsity of the allegations of paragraph 83, and therefore, denies all such allegations.

3  Except as expressly admitted herein, RCT denies.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT 1

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

## 15 U.S.C. § 1681-1681X (FCRA)

## [AGAINST ALL DEFENDANTS]

9       84.     In response to paragraph 84 of the Complaint, RCT incorporates its responses to

10  paragraphs 1-83 as though stated fully herein.

11      85.     In response to paragraph 85 of the Complaint, RCT states the paragraph contains

12  legal contentions and/or conclusions, thus a response is not required. To the extent a response

13  is required, RCT denies to the extent the allegations are directed to RCT.  As to the remaining

14  allegations pertaining to other persons or entities, RCT has insufficient knowledge or

15  information to form a belief as to the truth or falsity of the allegations of paragraph 85, and

16  therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

17      86.     In response to paragraph 86 of the Complaint, RCT states the paragraph contains

18  legal contentions and/or conclusions, thus a response is not required. To the extent a response

19  is required, RCT denies to the extent the allegations are directed to RCT and denies Plaintiff

20  is entitled to any relief against RCT.  As to the remaining allegations pertaining to other

21  persons or entities, RCT has insufficient knowledge or information to form a belief as to the

22  truth or falsity of the allegations of paragraph 86, and therefore, denies all such allegations.

23  Except as expressly admitted herein, RCT denies.

24      87.     In response to paragraph 87 of the Complaint, RCT states the paragraph contains

25  legal contentions and/or conclusions, thus a response is not required. To the extent a response

26  is required, RCT denies to the extent the allegations are directed to RCT and denies Plaintiff

27  is entitled to any relief against RCT.  As to the remaining allegations pertaining to other

28  persons or entities, RCT has insufficient knowledge or information to form a belief as to the

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

truth or falsity of the allegations of paragraph 87, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

## COUNT II

## VIOLATION FO THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES ACT

## CAL. CIV. CODE § 1785.1, ET SEQ.

## [AGAINST AFFIRM LOAN SERVICES, LLC; CITIBANK, N.A.; DISCOVER BANK; RC WILLEY HOME FURNISHINGS; TD BANK, N.A.; AND ROBINHOOD CREDIT, INC. DBA X1, INC.]

88.     In response to paragraph 88 of the Complaint, RCT incorporates its responses to paragraphs 1-87 as though stated fully herein.

89.     In response to paragraph 89 of the Complaint, RCT states the paragraph contains legal contentions and/or conclusions, thus a response is not required. To the extent a response is required, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 89, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

90.     In response to paragraph 90 of the Complaint, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 90, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

91.     In response to paragraph 91 of the Complaint, RCT states the paragraph contains legal contentions and/or conclusions, thus a response is not required. To the extent a response is required, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 91, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

92.    In response to paragraph 92 of the Complaint, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 92, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

93.    In response to paragraph 93 of the Complaint, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 93, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

94.    In response to paragraph 94 of the Complaint, RCT states the paragraph contains legal contentions and/or conclusions, thus a response is not required. To the extent a response is required, RCT denies to the extent the allegations are directed to RCT and denies Plaintiff is entitled to any relief against RCT.  As to the remaining allegations pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 94, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

**COUNT III**

**VIOLATION OF CALIFORNIA'S IDENTITY THEFT ACT**

**CAL. CIV. CODE §§ 1798.92-1798.97 (CITA)**

**[AGAINST AFFIRM LOAN SERVICES, LLC; CITIBANK, N.A.; DISCOVER BANK; RC WILLEY HOME FURNISHINGS; TD BANK, N.A.; ROBINHOOD CREDIT, INC. DBA X1, INC.; EQUIFAX INFORMATION SERVICES, LLC; EXPERIAN INFORMATION SOLUTIONS, INC.; AND, TRANS UNION LLC,]**

95.    In response to paragraph 95 of the Complaint, RCT incorporates its responses to paragraphs 1-94 as though stated fully herein.

96.    In response to paragraph 96 of the Complaint, RCT states the paragraph contains legal contentions and/or conclusions, thus a response is not required. To the extent a response

is required, RCT denies to the extent the allegations are directed to RCT.  As to the remaining allegations pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 96, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

97.    In response to paragraph 97 of the Complaint, RCT states the paragraph contains legal contentions and/or conclusions, thus a response is not required. To the extent a response is required, RCT denies to the extent the allegations are directed to RCT and denies Plaintiff is entitled to any relief against RCT.  As to the remaining allegations pertaining to other persons or entities, RCT has insufficient knowledge or information to form a belief as to the truth or falsity of the allegations of paragraph 97, and therefore, denies all such allegations. Except as expressly admitted herein, RCT denies.

## PRAYER FOR RELIEF

The relief sought by Plaintiff, itemized in bullet points on pages 15-16 of the Complaint, does not contain allegations of fact or law that require a response from RCT.  Nonetheless, RCT denies that the relief sought against it is appropriate or available and denies that Plaintiff is entitled to any such relief against RCT.

## TRIAL BY JURY

RCT acknowledges that Plaintiff has demanded a trial by jury; however, RCT does not admit or agree that a trial by jury is permitted except as expressly authorized by law and not otherwise limited and/or waived by contract.

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to the Complaint on file in this action, and without assuming the burden of proof that lies with Plaintiff, RCT alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Relief)

1.    The Complaint, including each cause of action alleged therein, is barred because it fails to set forth facts sufficient to constitute a claim for relief against RCT.

1    **SECOND AFFIRMATIVE DEFENSE**

2    **(Plaintiff's Own Actions / Contributory and/or Comparative Fault)**

3        2.    The Complaint, including each cause of action alleged therein, is barred because

4    the omissions, conduct and voluntary acts of Plaintiff proximately caused, or otherwise

5    contributed to, the matters of which he complains.

6    **THIRD AFFIRMATIVE DEFENSE**

7    **(Reasonable Procedures)**

8        2.    The Complaint, including each cause of action alleged therein, is barred because

9    at all relevant times RCT maintained reasonable procedures to ensure compliance with the

10    FCRA, California CCRAA, and CITA.

11    **FOURTH AFFIRMATIVE DEFENSE**

12    **(Fault of Another)**

13        4.    The Complaint, including each cause of action alleged therein, is barred because

14    Plaintiff's damages, if any, were caused by the wrongful conduct of another over whom RCT

15    exercise no control.

16    **FIFTH AFFIRMATIVE DEFENSE**

17    **(Statute of Limitations)**

18        5.    The Complaint, including each cause of action alleged therein, is barred by

19    applicable statutes of limitations, including, but not limited to 15 U.S.C. § 1681p.

20    **SIXTH AFFIRMATIVE DEFENSE**

21    **(Estoppel)**

22        6.    The Complaint, including each cause of action alleged therein, is barred by the

23    doctrine of estoppel. To wit, Plaintiff is estopped from asserting and/or recovering on any

24    claims against RCT by reason of Plaintiff's own acts, omissions, and conduct

25

26    / / /

27

28    / / /

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

1

### SEVENTH AFFIRMATIVE DEFENSE

2

**(Waiver)**

3    7.    The Complaint, including each cause of action alleged therein, is barred by the

4  doctrine of waiver. To wit, Plaintiff is barred by the equitable doctrine of waiver from asserting

5  any claim against RCT.

6

### EIGHTH AFFIRMATIVE DEFENSE

7

**(Unclean Hands)**

8    8.    The Complaint, including each cause of action alleged therein, is barred by the

9  doctrine of unclean hands. To wit, Plaintiff is barred by the equitable doctrine of unclean hands

10  from asserting any claim against RCT.

11

### NINTH AFFIRMATIVE DEFENSE

12

**(Unjust Enrichment)**

13    9.    The Complaint, including each cause of action alleged therein, is barred because

14  Plaintiff would be unjustly enriched if he prevailed on his claims.

15

### TENTH AFFIRMATIVE DEFENSE

16

**(Absence of Fault)**

17    10.    The Complaint, including each cause of action alleged therein, is barred because

18  there is no fault on the part of RCT.

19

### ELEVENTH AFFIRMATIVE DEFENSE

20

**(Laches)**

21    11.    The Complaint, including each cause of action alleged therein, is barred based

22  upon the doctrine of laches. That is, RCT alleges on information and belief that Plaintiff

23  unreasonably delayed in bringing the Complaint, including each claim alleged, to the prejudice

24  of RCT.

25

### TWELFTH AFFIRMATIVE DEFENSE

26

**(Ratification)**

27    12.    The Complaint, including each cause of action alleged therein, is barred by

28  Plaintiff's ratification of the actions allegedly undertaken.

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

1   **THIRTEENTH AFFIRMATIVE DEFENSE**

2   **(Consent)**

3       13.     The Complaint, including each cause of action alleged therein, is barred by

4   Plaintiff's consent.

5   **FOURTEENTH AFFIRMATIVE DEFENSE**

6   **(No Proximate Cause – Intervening Cause)**

7       14.     The Complaint, including each cause of action alleged therein, is barred on the

8   ground that the alleged breach and/or act(s) of RCT is not the proximate cause of Plaintiff's

9   alleged damages, if any, and Plaintiff was not injured or damaged in fact by any of the acts

10  alleged. Moreover, any damage, injury, and/or harm allegedly sustained by Plaintiff was the

11  direct and proximate result of the independent, intervening, negligent, criminal, and/or

12  unlawful conduct of independent third parties or their agents, and not any act or omission on

13  the part of RCT.

14  **FIFTEENTH AFFIRMATIVE DEFENSE**

15  **(No Damages or Attorneys' Fees)**

16      15.     The Complaint, including each cause of action alleged therein, is barred because

17  Plaintiff has not suffered, and has not properly pleaded, damages or an entitlement to fees as

18  a result of the conduct alleged in the Complaint as to RCT, and the causes of action asserted

19  against RCT do not warrant the remedy of damages or an award of attorneys' fees.

20  **SIXTEENTH AFFIRMATIVE DEFENSE**

21  **(Arbitration)**

22      16.     The Complaint, including each cause of action alleged therein, may be subject

23  to arbitration. RCT reserves the right to compel arbitration pursuant to the terms and conditions

24  of any applicable contractual agreement and/or account terms and conditions.

25

26  / / /

27

28  / / /

**ANSWER AND AFFIRMATIVE DEFENSES BY ROBINHOOD CREDIT, INC.**

1

## SEVENTEENTH AFFIRMATIVE DEFENSE

2

### (Not Knowing or Willful)

3    17.    The Complaint, including each cause of action alleged therein, is barred in whole

4  or part, by virtue of the fact that any purported violation, if such violation occurred, which

5  RCT denies, would not have been knowing or willful.

6

## EIGHTEENTH AFFIRMATIVE DEFENSE

7

### (No Punitive or Statutory Damages)

8    18.    The Complaint, including each cause of action alleged therein, is barred because

9  Plaintiff cannot satisfy the statutory requirements to recover punitive or statutory damages

10  under federal or California law.

11

## NINETEENTH AFFIRMATIVE DEFENSE

12

### (Compliance with Law – Good Faith)

13    19.    The Complaint, including each cause of action alleged therein, is barred by

14  virtue of the fact that RCT has fully performed, discharged, and satisfied all legal obligations

15  and duties imposed upon it, if any, in good faith.

16

## TWENTIETH AFFIRMATIVE DEFENSE

17

### (Failure to Mitigate)

18    20.    The Complaint, including each cause of action alleged therein, is barred for

19  Plaintiff's failure to mitigation damages, to the extent Plaintiff seeks to recover monetary

20  damages from RCT or any other relief against RCT.

21

## TWENTY-FIRST AFFIRMATIVE DEFENSE

22

### (Apportionment of Fault)

23    21.    The Complaint, including each equitable cause of action alleged therein, is

24  barred because RCT is not legally responsible with respect to the damages that may be claimed

25  by Plaintiff as a result of the matters alleged in the Complaint. However, if RCT is determined

26  to be legally responsible in any manner, then it alleges that its legal responsibilities are not the

27  sole and proximate cause of the injuries. As such, the damages awarded, if any, must be

28  apportioned in accordance with the fault and legal responsibility of all parties and responsible

1  non-parties, including such persons and entities' agents, servants, and employees, other than
2  RCT, who contributed to and/or cause said damages, according to proof.

3  **TWENTY-SECOND AFFIRMATIVE DEFENSE**

4  **(Additional Affirmative Defenses)**

5      22.    RCT reserve the right to assert additional affirmative defenses in the event
6  discovery and/or investigation indicates that additional affirmative defenses are applicable.

7      **WHEREFORE,** RCT prays for judgment as follows:

8      1.    That Plaintiff take nothing by the Complaint;

9      2.    For dismissal of the Complaint with prejudice;

10     3.    For attorneys' fees and costs of suit incurred, if permitted by law or contract;
11 and

12     4.    For such other and further relief as the court may deem proper and just.

13

14

15  DATED:  August 13, 2024                    PARKER IBRAHIM & BERG LLP

16                                             By:  _/s/ Mariel Gerlt-Ferraro_
17                                             MARIEL GERLT-FERRARO
                                               BRYANT S. DELGADILLO
18                                             Attorneys for Robinhood Credit, Inc.

19

20

21

22

23

24

25

26

27

28

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF ORANGE

*Billy Steffey v. Affirm Loan Services, LLC, et al.*

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is **Parker Ibrahim & Berg LLP,** 695 Town Center Drive, 16th Floor, Costa Mesa, CA 92626.

On August 13, 2024, I served the foregoing document described as **ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT BY DEFENDANT ROBINHOOD CREDIT, INC.** on the interested parties in this action.

☒     by placing the original and/or a true copy thereof enclosed in (a) sealed envelope(s), addressed as follows:

☐     **BY REGULAR MAIL:** I deposited the sealed envelope with the United States Postal Service with the Postage fully prepaid.

I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. It is deposited with the U.S. Postal Service on that same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

**BY THE ACT OF FILING OR SERVICE, THAT THE DOCUMENT WAS PRODUCED ON PAPER PURCHASED AS RECYCLED**

☐     **BY OVERNIGHT MAIL:** With the envelope deposited with FedEx and delivery fees thereon fully prepaid.

☒     **BY ELECTRONIC MAIL:** I served the foregoing document by electronic mail to the email address(es) listed on the service list.

☐     **BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the above addressee(s).

☒     (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on August 13, 2024, at Costa Mesa, California.

*/s/ Rhonda K. Viers*
Rhonda K. Viers

1

5023885.1

# SERVICE LIST

*Billy Steffey v. Affirm Loan Services, LLC, et al.*

| | |
|---|---|
| LOKER LAW, APC<br>Matthew M. Loker, Esq.<br>Mikayla Regier, Esq.<br>Scott Mitchell Plescia, Esq.<br>132 Bridge Street<br>Arroyo Grande, CA 93420 | ***Attorneys for Plaintiff, Billy Steffey***<br><br>T:  805.994.0177<br>F:  805.994.0197<br>E:  matt@loker.law<br>     mikayla@loker.law<br>     scott@loker.com<br>     5383482420@filings.docketbird.com |
| LOKER LAW, APC<br>Elizabeth Wagner, Esq.<br>Scott Mitchell Plescia, Esq.<br>1303 East Grand Avenue, Suite 101<br>Arroyo Grande, CA 93420 | ***Attorneys for Plaintiff, Billy Steffey***<br><br>T:  805.392.3494<br>E:  elizabeth@loker.com<br>     scott@loker.com |
| MORGAN LEWIS<br>Daniel A. Armstrong, Esq.<br>300 South Grand Avenue<br>Twenty-Second Floor<br>Los Angeles, CA 90071 | ***Attorneys for Defendant, Affirm Loan Services, LLC and Discover Bank***<br><br>T:  213.612.2687<br>F:  213.612.2501<br>E:  daniel.armstrong@morganlewis.com |
| BALLARD SPAHR LLP<br>Goldie Fields, Esq.<br>2029 Century Park E, Suite 1400<br>Los Angeles, CA 90067 | ***Attorneys for Defendant, Citibank, N.A.***<br><br>T:  424.204.4338<br>F:  424.204.4350<br>E:  fieldsg@ballardspahr.com |
| DENTONS DURHAM JONES PINEGAR P.C.<br>David William Tufts, Esq.<br>Richard M. Hymas, PHV<br>Madeline Aller Hock, PHV<br>111 South Main Street, Suite 2400<br>Salt Lake City, UT 84111 | ***Attorneys for Defendant, Willey Home Furnishings***<br><br>T:  801.415.3000<br>F:  801.415.3500<br>E:  david.tufts@dentons.com<br>     rick.hymas@dentons.com<br>     madeline.hock@dentons.com<br>     kristin.hughes@dentons.com |

2

5023885.1

1

2
DUANE MORRIS LLP                          ***Attorneys for Defendant, TD Bank, N.A.***
C. Todd Norris, Esq.

3
Spear Tower One Market                    T:  415.957.3307
Suite 2200                                F:  415.957.3001

4
San Francisco, CA 94105                   E:  ctnorris@duanemorris.com

5
SEYFARTH SHAW, LLP                        ***Attorneys for Defendant, Equifax Information***

6
Alice Hodsden, Esq.                       ***Services, LLC***
601 S. Figueroa Street, Suite 3300

7
Los Angeles, CA 90017                     T:  626.831.8379
F:  213.270.9601

8
E:  ahodsden@seyfarth.com

9
equifaxdocketing@seyfarth.com
5211049420@filings.docketbird.com

10

11
JONES DAY                                 ***Attorneys for Defendant, Experian Information***
Madison Robins Way, Esq.                  ***Solutions, Inc.***

12
555 S Flower Street
50th Floor                                T:  213.243.2988

13
Los Angeles, CA 90071                     F:  213.243.2539

14
E:  mway@jonesday.com

15
QUILLING, SELANDER, LOWNDS,               ***Attorneys for Defendant, Trans Union LLC***

16
WINSLETT & MOSER, P.C.
Ritika Singh, Esq.                        T:  214.560.5442

17
6900 N. Dallas Parkway, Suite 800         F:  214.871.2111
Plano, TX 75024                           E:  rsingh@qslwm.com

18
vrojas@qslwmcom

19
lsanchez@qslwm.com
swright@qslwm.com

20
8783677420@filings.docketbird.com

21

22

23

24

25

26

27

28

3

PROOF OF SERVICE

5023885.1